Skelos, J.P.,
dissents, and votes to affirm the judgment, with the following memorandum, in which Miller, J., concurs: The majority concludes that the defendant’s conviction must be reversed because the admission of evidence regarding the results of a portable breath test (hereinafter PBT), not for the purpose of proving intoxication, but for the limited purpose of demonstrating the defendant’s state of mind when subsequently administered a chemical test, deprived the defendant of a fair trial. In my view, the PBT evidence was probative of the defendant’s state of mind at the time he was administered the chemical test and, in light of the explicit limiting instruction provided by the trial court regarding the use of the evidence, its admission was not more prejudicial than probative. Since the defendant’s other contentions on appeal lack merit, I therefore dissent, and would affirm the defendant’s judgment of conviction.
On March 25, 2012, a New York State Trooper, after respond *1077 ing to the scene of a motor vehicle accident in which the defendant had been involved, administered several field sobriety tests to the defendant, who had exhibited signs of intoxication. The trooper determined that the defendant failed the field sobriety tests, and thereafter administered a PBT. The trooper advised the defendant that the PBT had shown that the defendant was intoxicated. The defendant was arrested, and upon being transported to the nearest New York State Police barracks and consenting to the administration of a chemical breath test, was given five opportunities to provide a sample for that test. Each time, the defendant failed to exhale a sufficient volume of breath into the machine to register a result, since the duration of his exhales was too short.
At trial, the People sought to introduce evidence that the defendant was administered a PBT, and that he was advised that the test showed that he was intoxicated. The People sought to introduce this evidence, not to prove intoxication, but to demonstrate the defendant’s state of mind when he was subsequently administered the chemical breath test. Under the particular circumstances of this case, evidence of the PBT was properly admitted for that limited purpose (see People v MacDonald, 227 AD2d 672 [1996]).
Generally, “all relevant evidence is admissible unless its admission violates some exclusionary rule” (People v Scarola, 71 NY2d 769, 777 [1988]; see People v Pearce, 81 AD3d 856 [2011]). “Evidence is relevant if it has any tendency in reason to prove the existence of any material fact” (People v Scarola, 71 NY2d at 777; see People v Mateo, 2 NY3d 383, 424 [2004]). However, “[e]ven where relevant evidence is admissible, it may still be excluded in the exercise of the trial court’s discretion if its probative value is substantially outweighed by the potential for prejudice” (People v Mateo, 2 NY3d at 424-425; see People v Scarola, 71 NY2d at 777).
Here, the evidence that a PBT was administered to the defendant and that he was told that it rendered a positive result for intoxication tended to show that his failure to exhale a sufficient volume of breath for a sufficient period of time into the chemical breath test device was purposeful and demonstrative of his consciousness of guilt. Thus, under the general rule, the PBT evidence was admissible for that limited purpose unless its probative value was “substantially outweighed” by its potential prejudicial effect (People v Mateo, 2 NY3d at 425).
The defendant could only be unduly prejudiced by the admission of the PBT evidence if the jury considered the evidence as proof of his intoxication. Thus, in my view, the trial court struck *1078 the appropriate balance between probative value and unfair prejudice by permitting the evidence to be introduced, subject to an explicit instruction to the jury regarding the limited use of the evidence. In particular, during the charge, the jury was specifically instructed that the results of the PBT were admitted for the limited purpose of proving the defendant’s state of mind in connection with his subsequent conduct, and that it could not rely upon the result of the PBT in determining whether the defendant was intoxicated. This was a clear and simple instruction that was amply sufficient to alleviate any potential prejudice resulting from the admission of the PBT evidence. A jury is generally presumed to follow the court’s instructions (see People v Morris, 21 NY3d 588, 598 [2013]; People v Mooney, 62 AD3d 725, 727 [2009]; People v Lugo, 218 AD2d 711 [1995]) and, indeed, “we depend, for the integrity of the jury system itself, upon the willingness of jurors to follow the court’s instructions in such matters” (People v Berg, 59 NY2d 294, 299-300 [1983]).
Reflective of that fact, courts have frequently permitted, where relevant, the introduction of evidence as potentially prejudicial as a defendant’s alleged commission of uncharged crimes (see e.g. People v Morris, 21 NY3d at 597-598; People v Tosca, 98 NY2d 660 [2002]), even when committed against the very same complainant (see e.g. People v Gopaul, 112 AD3d 964, 965 [2013]; People v Khan, 88 AD3d 1014 [2011]), or involving the same or similar conduct for which he or she is being tried (see e.g. People v Yusuf, 104 AD3d 881, 883 [2013]). In these cases, the courts have held that limiting instructions were sufficient to ameliorate any potential prejudice (see People v Morris, 21 NY3d at 598; People v Tosca, 98 NY2d 660 [2002]; People v Gopaul, 112 AD3d at 965; People v Yusuf, 104 AD3d at 883; People v Khan, 88 AD3d 1014 [2011]). The same is true in the present case.
Contrary to the majority’s concern, the People’s failure to establish the reliability of the PBT device is not dispositive. As the trial court instructed the jury, the PBT evidence was admitted for the purpose of proving the defendant’s state of mind when the chemical breath test was administered. Thus, the operative fact is that the defendant was told that the results of the PBT were positive for intoxication. Whether that result was correct or reliable is irrelevant.
Accordingly, in light of the trial court’s limiting instructions, the PBT evidence was properly admitted because its probative value outweighed its prejudicial impact (see People v MacDonald, 227 AD2d 672 [1996]; cf. People v Morris, 21 NY3d at *1079 598; People v Tosca, 98 NY2d 660 [2002]; People v Gopaul, 112 AD3d at 965; People v Yusuf, 104 AD3d at 883; People v Khan, 88 AD3d 1014 [2011]).
Additionally, the Supreme Court, after a pretrial hearing, properly declined to suppress evidence of the defendant’s refusal to submit to the chemical breath test. There was sufficient evidence before that court to support the conclusion that the defendant was given clear and unequivocal warnings of the effect of his refusal, and that he persisted in his refusal to submit to the test by refusing to exhale a sufficient volume of breath into the machine for a sufficient period of time (see Vehicle and Traffic Law § 1194 [2] [fj; People v Barger, 78 AD3d 1191 [2010]; People v Tetrault, 53 AD3d 558, 559 [2008]; cf. People v Madrid, 52 AD3d 530, 531 [2008]).
Contrary to the defendant’s further contention, the trial evidence demonstrated that the failure to obtain a chemical breath-test result at the police barracks was the result of the defendant’s conduct, as opposed to a failure of the device (see Matter of Johnson v Adduci, 198 AD2d 352 [1993]; People v Adler, 145 AD2d 943, 944 [1988]). It was not necessary for the People to submit further evidence related to the accuracy of that device, since the People did not rely upon results obtained from the device to demonstrate intoxication (see People v Adler, 145 AD2d at 944).
I would therefore affirm the judgment.